IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD LAWRENCE GIACOMA,

    Petitioner,                               No. CIV S-05-2494 FCD GGH P

    vs.

M. VEAL, Acting Warden, et al.,

    Respondents.                      FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's February 2, 2006, motion to dismiss the petition as barred by the statute of limitations, to which petitioner filed his opposition on March 2, 2006.

        Petitioner was convicted of voluntary manslaughter (Cal. Penal Code § 192(a)) and the allegation of personal use of a firearm was found true (Cal. Penal Code § 12022.5) in San Joaquin County Superior Court, on September 17, 2001, for which he was sentenced to a prison term of nine (9) years in January 2002. Form Petition, p. 1; Motion, p. 2 & respondent's (Resp.) Lodged (Lod.) Document (Doc.) 1. The grounds for his challenge are: 1) petitioner received

ineffective assistance of counsel at both of his trials (first trial ended in mistrial); 2) petitioner received ineffective assistance of appellate counsel; 3) petitioner was subjected to prosecutorial misconduct in violation of his due process and equal protection rights; 4) petitioner was denied his right to due process and a fair trial as a result of judicial bias (and other judicial misconduct) and the cumulative effect thereof.  Form Petition, pp. 4-5, 20-24.

Motion to Dismiss

Respondent moves for dismissal on the ground that the petition, filed in this court on December 8, 2005,[1] was filed beyond the one-year statute of limitations as set forth in 28 U.S.C. §2244(d) (1) and (2).  Motion, p. 1.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The court will find, by application of the mailbox rule, that the petition was filed in this court on December 5, 2005. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988); Koch v. Ricketts, 68 F.3d 1191 (9th Cir. 1995). Oddly, the court's docket indicates that the filing fee was paid on October 5, 2004, more than a year earlier, even though the text of the entry is dated as having been entered on December 8, 2005, the same day that the docket indicates the petition was filed. On page 29 in his petition, petitioner includes a copy of a notice, dated October 5, 2004, from a pro se writ clerk in this court, indicating receipt of a $5.00 filing fee, but also informing him, in relevant part that "[t]his court does not show that you have a case opened. A civil filing is commenced by filing a complaint/petition with the court. See Rule 3 of the Federal Rules of Civil Procedure."  The notice indicates the forms for filing a petition were enclosed. See also, Woodford v. Garceau, 538 U.S. 202, 210, 123 S. Ct. 1398, 1403 (2003) (case is not "'pending' until an actual application for habeas corpus relief is filed in federal court"). Although no party touches on the somewhat anomalous payment date of the filing fee, the court seeks to emphasize that this matter was not pending until the filing of the petition on December 5, 2005 (mailbox rule).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On November 27, 2002, the Third District Court of Appeal affirmed the conviction. Resp. Lod. Doc. 2. On February 11, 2003, the California Supreme Court denied petitioner's petition for review. Resp. Lod. Doc. 4. On February 24, 2004, petitioner filed a habeas petition in San Joaquin County Superior Court, which was denied on March 15, 2004. Resp. Lod. Docs. 5 & 6. Petitioner's May 21, 2004, habeas petition to the Third District Court of Appeal was denied on June 17, 2004. Resp. Lod. Docs. 7 & 8. Petitioner filed a petition for review of the appellate court habeas denial in the state supreme court on June 30, 2004, which was denied on September 15, 2004. Resp. Lod. Docs. 9 & 10. Petitioner filed another habeas petition in the state supreme court on October 5, 2004, which was denied on September 21, 2005. Resp. Lod. Docs. 11 & 12. As noted, the instant petition was filed on December 5, 2005.

Respondent argues that under Evans v. Chavis, ___ U.S. ___, 126 S. Ct. 846 (2006), the petition is untimely because petitioner is not entitled to tolling for the 66-day period between the denial of petitioner's habeas in the superior court on March 15, 2004, and the filing of his habeas petition in the intermediate state appellate court on May 21, 2004. Motion, pp. 4-10. Respondent contends that petitioner offers "no new justifications" for the delay in filing his state habeas petition in the Third Appellate District. Id., at 10. Petitioner argues for application of the mailbox rule, rendering the interval a period of 64 days. Opp., p. 5. Upon review of petitioner's habeas application to the Third District Court of Appeal, the court agrees with petitioner that his proof of service indicates that pursuant to the mailbox rule, the petition was filed two days earlier, on May 19, 2004, thus, rendering the interval challenged as a 64-day period.

3

In <u>Evans</u>, the Supreme Court stated that whether a state petition was timely under California law must be decided on a case by case basis. <u>Id.</u> at 853. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. <u>Id.</u> at 850.

Respondent argues that petitioner's habeas petition filed in the state appellate court, a petition respondent argues was "virtually identical" to the application filed in the superior court, was not timely because it was not filed within the 30 or 60 day time limit that most states have. Motion, pp. 6-11. "Six months is far longer than the 'short period[s] of time," 30 to 60 days, that most states provide for filing an appeal to the state supreme court. <u>Evans v. Chavis</u>, <u>supra</u>, at 854. The Supreme Court in <u>Evans</u> did not hold that the 30 or 60 day time limit of other states governed the determination of whether petitions filed in California were timely.

> In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in <u>Saffold</u>, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of the other States, i.e. that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

126 S.Ct. at 853.

However, the court finds that rather than engaging in parsing the arguments as to whether or not an interval of 64 days is unreasonable under <u>Evans</u>, the looming question is whether or not, even with tolling granted for the entire period during which petitioner sought habeas review in the state court's, his petition would be timely. Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999) (the statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time properly filed state post-conviction proceedings are pending, and that tolling applies from the time the first state habeas

4

petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge).[2]

Under the law of this circuit, petitioner's conviction became final only after the 90-day period elapsed during which petitioner could have sought a writ of certiorari in the United States Supreme Court, rendering petitioner's conviction final on May 12, 2003, not, as respondent appears to imply, on February 11, 2003. Spitsyn v. Moore, 345 F.3d 796, citing Bowen v. Roe, 188 F.3d 1157, [1158]-1159 (9th Cir. 1999) ("[t]he period of 'direct review' after which the state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period within which petitioner can file a petition for writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition.")  Therefore, absent tolling under § 2244(d)(2), the deadline for filing the instant petition was May 12, 2004.

Petitioner initiated his first habeas application in the state superior court on February 24, 2004; the court, under the mailbox rule, will date the initial filing as having occurred on February 17, 2004. See certificate of service, resp. lod. doc. 5. The one-year statute of limitations had run at that point for 281 days.

For purposes of this analysis, the court allows for tolling under § 2244(d)(2), from the date of the filing of the initial petition, on February 17, 2004, until the denial of petitioner's habeas petition in the state supreme court, on September 15, 2004. See Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002); see also Nino v. Galaza, 183 F.3d at 1006-1007 (petitioner entitled to interval tolling until California Supreme Court denied petition for review). A state petition is "pending" under § 2244(d)(2) if it is "a continuing 'application' for review and relief." Welch v. Carey, 350 F.3d 1079, 1082 (9th Cir. 2003) (en banc). Although under Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001), the Ninth Circuit held that the limitations period begins to run 30 days after the California Supreme Court denies the state habeas petition;

---

[2] The court does note that, for purposes of § 2244(d)(2), a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. Evans, supra, 126 S. Ct. at 849.

however, in Corjasso v. Ayers, 278 F.3d.874, 880 n. 1 (9th Cir. 2002), the court noted that the Judicial Council of California had promulgated Proposed Rule 29.4, which would make the California Supreme Court's denial of a habeas petition final upon filing. This rule became effective on January 1, 2003; under Cal. Rules of Court, Rule 29.4(b)(2)(A), state supreme court decisions are final on filing.[3]

  Therefore, as the instant petition was filed on December 5, 2005, a total of 446 days elapsed, which, in addition to the 281 days already expended, means that period of untolled time was 727 days, rendering petitioner's application in this court late by some by some 362 days or by almost an entire year, under the governing statute. Although petitioner filed another habeas petition in the state supreme court on October 5, 2004, only twenty days after the first state supreme court denial, and the state supreme court did not issue its denial until September 21, 2005, he is entitled to no tolling for any part of that period because he had completed one full round of habeas challenges, exhausting his then-existing claims and no longer had an application for post-conviction review pending. As for the twenty-day period before the filing of the second habeas petition in the state supreme court, he was entitled to no interval tolling. Biggs v. Duncan, 339 F.3d 1045, (9th Cir. 2003) (petitioner ceased to have an application for post-conviction review following completion of first round of collateral review in state court, thus was not entitled to interval tolling under Nino, 183 F.3d at 1006-1007).

  More significantly, petitioner does not appear to be entitled to any tolling for the entire period that the second state supreme court application was before that court. In Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 U.S. 1807, 1812 (2005), the Supreme Court held that "when a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." The state supreme court's denial, on September 21, 2005, cited In re Clark, 5 Cal.4th 750 (1993). California has established as a "general rule" that "all known

---

[3] This rule is not applicable in the context of determining the date of finality of a judgment of a state court conviction (direct review) in federal court.

1  claims" must be presented in a single application to a given court. In re Clark, 5 Cal.4th, 750, 21
2  Cal. Rptr. 2d 509 (1993). "Before considering the merits of a second or successive petition, a
3  California court will first ask whether the failure to present the claims underlying the new
4  petition in a prior petition [filed in that court] has been adequately explained, and whether that
5  explanation justifies the piecemeal presentation of the petitioner's claims." 5 Cal. 4th at 774, 21
6  Cal. Rptr. 2d at 525. "[A]bsent justification for the failure to present all known claims in a
7  single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be
8  summarily denied. The only exception to this rule are petitions which allege facts which, if
9  proven, would establish that a fundamental miscarriage of justice occurred as a result of the
10 proceedings lead to a conviction and/or sentence." 5 Cal.4th at 797, 21 Cal.Rptr.2d at 540.

11         The court has considered that California's habeas untimeliness rules do double
12 duty in that they can both be asserted as a procedural bar and as a "non-proper filing" when
13 dealing with tolling under the AEDPA statute of limitations. The court has also considered the
14 lack of an express statute of limitations period in California law for state petitions to be
15 considered untimely. Rather, whether a state petition is timely under California's limitations
16 rules is decided on a case by case basis. However, the holding of Pace could not be more clear:
17 "For these reasons, we hold that time limits, *no matter their form*, are 'filing' conditions." Pace,
18 at 417, 125 S. Ct. at 1814 (emphasis added). Under the clear dictate of Pace, petitioner did not
19 properly file his second state supreme court habeas petition. See Bonner v. Carey, 425 F.3d 1145
20 (9th Cir. 2005) (applying Pace to a California case).

21         Pace set forth the procedure by which a petitioner might avoid the "predicament"
22 faced by petitioner herein: by the filing of a "protective" petition in federal court and by seeking a
23 stay and abeyance of the federal habeas proceedings until state court remedies have been
24 exhausted. Pace, supra, at 416, 125 S. Ct. at 1813. Citing Rhines v. Weber, 544 U.S. 269, 125
25 S. Ct. 1528 (2005), the Pace Court notes that "[a] petitioner's reasonable confusion about
26 whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in

federal court." Id. However, petitioner did not make this protective federal filing (which would have assisted him here), and the court cannot pretend that he did.

Unfortunately, petitioner was not fully apprised by the basis upon which respondent has focused the argument on an interval in the first round of his state court habeas petitions of the overarching ground for the limitations bar. As noted, even granting petitioner the entire period of tolling for the first round of state collateral review, he is much farther outside the statute of limitations than respondent has contended. Nevertheless, the affirmative defense of the statute of limitations having been raised, it is the court's responsibility to determine the appropriate basis, if any, for it. By the court's analysis, therefore, petitioner's filing in this court, 362 days beyond the AEDPA statute of limitations, signifies that he is barred by 28 U.S.C. § 2244(d) from proceeding unless he is entitled to equitable tolling.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds, Woodford v. Garceau, ____U.S.____, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling is appropriate. Id. at 1065.

In his opposition, petitioner protests against the putative failure of the state courts to have afforded him a full and fair opportunity to present what he deems to be material facts in the record and claims to him been denied his constitutional rights under the Sixth and Fourteenth Amendments. Opp., p. 2. The court infers that petitioner may be attempting to make an argument for actual innocence, a claim which might stand as a basis for ignoring the statute of

8

limitations, but he fails to develop such an argument in his opposition. Instead, responding to the specific ground of the statute of limitations defense raised by respondent in their motion, petitioner alleges simply, and with insufficient basis, that his claims were timely raised in the state courts and that he has attempted to raise all such claims, flatly denied by the state courts, in order to comport with federal law, i.e., apparently in an effort to comply with the federal court requirement of state court exhaustion. The court must recommend granting the motion for dismissal of this petition as barred by the statute of limitations.

Accordingly, IT IS RECOMMENDED that respondent's February 2, 2006, motion to dismiss this petition as barred by the AEDPA statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
giac2494.mtd